# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

KIM GRIZZLE and TWILA GRIZZLE, )
as co-personal representatives of the )
estate of Malinda Yvonne Lindley, )
deceased, )
)
        Plaintiffs, )
)
v. ) Case No. CIV-16-254-SPS
)
JOHN CHRISTIAN, as Sheriff of )
Pontotoc County; et al., )
)
        Defendants. )

## OPINION AND ORDER

This case arises out of Malinda Yvonne Lindley's arrest and subsequent treatment at the Pontotoc County Justice Center in Ada, Oklahoma. Ms. Lindley, who is now deceased, is represented in this case by co-personal representatives Kim Grizzle and Twila Grizzle (collectively, "Plaintiffs"). The Plaintiffs have sued the Ada Police Department, as well as a number of individuals including Malinda Jean Shaffer, Brenda Kay Brown, Chelsea Dawn Stout, Clinton Allen Cooper, Jeffrey Dale Black, and Taylor Harold Wood,[1] in their individual capacities, alleging claims pursuant to 42 U.S.C. §§ 1983 and 1988. These named Defendants now all seek dismissal of the Plaintiff's Complaint. For the reasons set forth below, the Court finds that the Defendants Shaffer, Brown, Stout, Cooper, and Black's Motion to Dismiss Plaintiffs' First Amended

---

[1] The Plaintiff has named a number of other individuals in this case, but the Court has not enumerated them here for the sake of brevity and clarity.

Complaint and Brief in Support [Docket No. 69] should be GRANTED; and Defendant Taylor Wood's Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support [Docket No. 81] should also be GRANTED.

### I. Procedural History

The Plaintiff filed this case on May 12, 2016, in Oklahoma state court in Pontotoc County, Case No. CJ-2016-85, naming each of the above-listed Defendants.[2] The case was removed to this Court on June 15, 2016. On October 3, 2016, this Court entered a minute order directing the Plaintiff to show cause for her failure to serve a number of Defendants, including Defendants Shaffer, Brown, Stout, Cooper, Black, and Wood. Before responding to this Court's Order to show cause regarding service of these Defendants, the Plaintiff issued summons on October 14, 2016, as to these Defendants. On October 11, 2016, the Plaintiff filed a First Amended Complaint upon requesting leave of the Court. These named individual Defendants have now moved for dismissal. *See* Docket No. 69, 81.

In her First Amended Complaint, the Plaintiff has alleged eight causes of action, but only two are directed toward the above-named individual Defendants. The Plaintiff's Fourth Cause of Action is raised pursuant to §§ 1983 and 1988 as to a number of jailers, including Defendants Shaffer, Brown, Stout, Cooper, and Wood. Additionally, the Plaintiff's Fifth Cause of action is specifically alleged as to Defendant Black pursuant to §§ 1983 and 1988.

---

[2] "State court docket sheets are public documents of which the Court may take judicial notice." *White v. City of Tulsa, Okla.*, 2013 WL 4784243, at *1 n.2 (N.D. Okla. Sept. 5, 2013), *citing United States v. Mendoza*, 698 F.3d 1303, 1307 (10th Cir. 2012).

## II. Analysis

Defendants Shaffer, Brown, Stout, Cooper, and Black argue that dismissal should be granted because: (i) Plaintiffs failed to timely serve them; (ii) Plaintiffs failed to effectuate proper service on Defendants Black, Shaffer, and Cooper; (iii) Plaintiffs have failed to state a claim under 42 U.S.C. § 1983; (iv) Plaintiffs have no independent right of action against Defendants under 42 U.S.C. § 1988; and (v) Defendants are entitled to qualified immunity. Defendant Woods has asserted the following identical arguments: (i) Plaintiffs failed to timely serve him, (ii) Plaintiffs have failed to state a plausible § 1983 claim against him, (iii) Plaintiffs do not have an independent right of action under § 1988, and (iv) he is entitled to qualified immunity. The Court agrees that Plaintiffs failed to timely serve these named Defendants and therefore the claims against them should be dismissed.

Defendants Shaffer, Brown, Stout, Cooper, Black, and Wood each assert that they were not timely served. Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Under 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m), the Plaintiff had 90 days after removal, or by September 13, 2016, to serve all named Defendants. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-707 (10th Cir. 2010). On October 3, 2016, this Court directed the Plaintiffs to show cause for their failure to serve twelve named Defendants, including

Defendants Shaffer, Brown, Stout, Cooper, Black, and Wood. *See* Docket No. 45. As stated above, Plaintiffs then went ahead and issued summons as to these Defendants without leave of the Court on October 14, 2016. *See* Docket Nos. 48, 50, 52, 53, 55, & 56. Three days later, the Plaintiffs filed a "Combined Application to Show Cause and Motion for Enlargement of Time to Serve Defendants and Brief in Support." Docket No. 57. In it, they stated that they had good cause for failing to serve all the named Defendants because they were attempting to eliminate certain individuals and did not have enough information until July 28, 2016. Noting that the service deadline was September 13, 2016, nearly two full months later, the Court determined that such reasoning did not establish good cause. However, based on a request from the Plaintiffs, the Court granted a fourteen-day permissive extension to serve three *other* named Defendants due to misspellings in their names in light of the Plaintiff's assertion that dismissal in the instant case would greatly prejudice Plaintiff's ability to pursue the claims asserted. *See* Docket No. 70, p. 3.

Despite this Court's previous ruling that the Plaintiffs failed to demonstrate good cause for their delay in serving twelve Defendants, Plaintiffs nevertheless again argue that the deliberate decision to *not* serve these Defendants was due to good cause because they did not have all relevant information until July 28, 2016, again ignoring the service deadline that was almost two months later on September 13, 2016. Having already determined that this argument is insufficient to establish good cause, the Court turns to the Plaintiffs' request for a permissive extension. Plaintiffs contends that they would be greatly prejudiced if dismissal is granted because these Defendants were originally sued

in a state court action that was dismissed and refiled, and therefore they would be greatly prejudiced from pursuing claims against these individuals. The Tenth Circuit has identified several factors to guide district courts in determining whether to grant a permissive extension: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon the United States"; and (iii) "protect[ing] *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza v. United States*, 52 F.3d 838, 842 & n.8 (10th Cir. 1995). Additionally, an extension may be appropriate where the defendant has not been prejudiced. *See Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007). Here, the only factor implicated is the first one. While that would ordinarily weigh in Plaintiff's favor, the admittedly deliberate decision of counsel in failing to serve these Defendants weighs against granting a permissive extension under these circumstances. "Although a statute of limitations problem may justify relief under Rule 4(m), that factor alone is not determinative and does not make dismissal inappropriate." *In re Langston*, 319 B.R. 667, 670 (D. Utah 2005), *citing* Advisory Committee Note to F.R.C.P. 4(m). *See also Cloyd v. Arthur Anderson & Co., Inc.*, 25 F.3d 1056, 1994 WL 242184, at *2 (10th Cir. 1993) (unpublished table opinion) ("That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time under new Rule 4(m)."); *Smyers v. County of Atchison, Kansas*, 2008 WL 4822062, at *4-5 (D. Kan. Nov. 5, 2008) ("The court finds that dismissal in this case is appropriate. Plaintiff waited as long as possible to file suit, bringing this action only 15 days before the statute of limitations ran.

Moreover, after the case was filed, plaintiff's counsel let the 120 day service deadline expire without attempting to actually serve summons upon the defendant. . . . Had plaintiff been more diligent in prosecuting this case, the court might be inclined towards leniency; however, this is not the case."); *Bradley v. Frito Lay, Inc.*, 2008 WL 695224, at *3 (D. Kan. March 7, 2008) ("[T]he court finds that dismissal is appropriate. Plaintiff waited as long as possible to file suit, bringing this action the day before the statute of limitations ran. Moreover, after the case was filed, she let the 120 day service period expire without even an attempt to serve defendant. Plaintiff waited until one week after the service deadline to file the instant motion. Plaintiff's only justification for the failure was an inadvertent calendaring error. No other explanation is made for plaintiff's conduct, which should not be rewarded."). Thus, all claims against Defendants Shaffer, Brown, Stout, Cooper, Black, and Wood should be dismissed.

## CONCLUSION

Accordingly, the Court finds that the Defendants Shaffer, Brown, Stout, Cooper, and Black's Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support [Docket No. 69] IS HEREBY GRANTED; and Defendant Taylor Wood's Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support [Docket No. 81] IS HEREBY GRANTED.

IT IS SO ORDERED this 4th day of May, 2017.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma